UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REPUBLIC-VANGUARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:16-CV-1616 (CEJ) |
| CENTRAL STATE HOLDINGS, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Republic-Vanguard Insurance Company, pursuant to Federal Rule of Civil Procedure 12(f), to strike affirmative defenses asserted by defendant Central State Holdings, LLC. The issues are fully briefed.

### I. Background

Plaintiff brings this action pursuant to 28 U.S.C. § 2201, seeking a declaration of it rights and obligations under a commercial liability policy of insurance that it issued to defendant Enersource Electrical Contractors, LLC.[1] In October 2016, Enersource was found liable for an electrical fire that damaged property belonging to defendant Central State. Plaintiff contends that it is not responsible for indemnifying or defending Enersource.

Central State filed an answer that included ten affirmative defenses and a counterclaim for declaratory relief. Plaintiff moves to strike Central State's affirmative defenses 6, 8, 9, and 10.

---

[1] On April 28, 2017, default was entered against Enersource. Fed. R. Civ. P. 12(a)(1)(A)(i).

1

## II. Legal Standard

Courts may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *McLafferty v. Safeco Ins. Co. of Ind.*, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014) (citation omitted). Under Rule 12(f), a court has discretion to strike affirmative defenses. See *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). But while the district court enjoys broad discretion in determining whether to strike a party's pleadings, such an action is an extreme and disfavored measure. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

"Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." *Missouri ex rel. Koster v. Charter Commc'ns*, No. 4:15-CV-1593 (RLW), 2016 WL 1625461, at *4 (E.D. Mo. Apr. 21, 2016) (quoting *Simms v. Chase Student Loan Servicing, LLC*, No. 4:08-CV-1480 (ERW), 2009 WL 943552, at *2 (E.D. Mo. Apr. 6, 2009)). "Motions to strike affirmative defenses should not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *Id.* (quotation marks and citations omitted). Moreover, "[a] motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Fidelity Nat'l Title Ins. Co. v. Captiva Lake Invs., LLC*, No. 4:10-CV-1890 (CEJ), 2011 WL 845928, at *1 (E.D. Mo. Mar. 8, 2011). "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in

burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Id.* (quotation marks and citations omitted).

### III. Discussion

In affirmative defense 6, Central State asserts that Counts I and II of the complaint are barred by the doctrine of estoppel. Plaintiff argues that this affirmative defense should be stricken because defendant has not adequately pleaded all of the elements of estoppel. The Eighth Circuit has held that affirmative defenses "need not be articulated with any rigorous degree of specificity" and are "sufficiently raised for purposes of Rule 8 by its *bare assertion*." *Zotos* v. *Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (internal quotation marks and citations omitted). And, a motion to strike should be denied if "the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Bartoe v. Mo. Barge Line Co.*, No. 1:07-CV-165 (RWS), 2009 WL 1118816, at *1 (E.D. Mo. Apr. 24, 2009). Consequently the Court will not strike affirmative defense 6.

Affirmative defense 8 states that defendant Central State is entitled to relief under Mo. Rev. Stat. § 375.420. Affirmative defense 9 alleges that plaintiff is obligated to pay defendant Central State because of a later-issued insurance policy. Plaintiff argues that the Court should strike both defenses because they merely reiterate counterclaims. [Doc. #18 at 4]. Under Rule 12(f) "redundant refers to a statement of facts that are wholly foreign to the issue or that are needlessly repetitive of immaterial allegations." *Resolution Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Because plaintiff has failed to show that the allegations

3

of the affirmative defenses do not relate to the issue involved in this case, the Court will not strike them. *See United States v. Neb. Beef, Ltd.*, No. 8:15-CV-370, 2016 WL 6088267, at *5 (D. Neb. May 6, 2016) (denying a motion to strike that argued affirmative defenses were duplicative of other defenses, claims, or counterclaims).

Affirmative defense 10 states that defendant Central State "reserves the right to amend these affirmative defenses and/or assert additional affirmative defenses as discovery and circumstances dictate." Plaintiff is correct that a party cannot reserve the right to amend an answer through an affirmative defense. *See Construction Industry Laborers, Pension Fund v. Wellington Concrete,* LLC, No. 4:15-CV-804 (CAS), 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016). Any amendments to pleadings, including affirmative defenses, must be conducted in accordance with Federal Rule of Civil Procedure 15. *Id.* Defendant Central State concedes this point. Accordingly, affirmative defense 10 is stricken.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike [Doc. #18] is **granted** as to affirmative defense 10 and **denied** as to affirmative defenses 6, 8, and 9.

                                                                                                                */s/ Carol E. Jackson*  
                                                                                                               CAROL E. JACKSON  
                                                                                                               UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2017.