UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC-VANGUARD INSURANCE CO., ) ) ) Plaintiff, ) ) v. ) ) CENTRAL STATE HOLDINGS, LLC ) et al., ) ) Defendants. ) | Case No. 4:16CV1616 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider, [Doc. No. 95]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

On December 3, 2018, the Court denied Plaintiff's Motion for Summary Judgment. Plaintiff now asks the Court to reconsider its decision.

> Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995) (footnotes omitted).

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of

judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder-Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Id.* at 413.

Plaintiff argues that the Court incorrectly applied Missouri law by failing to place upon Defendant Central State Holdings, LLC a burden to "introduce substantial, admissible evidence" showing a genuine issue for trial. Plaintiff claims that the burden should have shifted to Defendant after Plaintiff made a "*prima facie* showing that the fire occurred outside the effective policy period."

First, Plaintiff's motion to reconsider should be denied because Plaintiff wholly failed to raise its burden-shifting theory in its summary judgment motion, even though it certainly could have. Second, the Court's denial of Plaintiff's summary judgment motion contains no "manifest error of law." The Court found that the consent judgment did prove that damage occurred during the policy period, even though the consent judgment *itself* did not prove continuing damage as a matter of law sufficient to grant summary judgment in Defendant's favor. The consent judgment is substantial, admissible evidence that creates a genuine issue of fact as to continuing damage.

## Conclusion

The Court finds no manifest error of law or fact. The Opinion, Memorandum and Order in this matter should not be altered or amended under Rule 59(e). The Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Reconsider, [Doc. No. 95], is **DENIED**.

Dated this 11th day of February, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE